IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAREN WIDMAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARILEE E. KEENE and DAVID SHELL,<br><br>　　　　　Defendants. | **ORDER**<br><br>Case No. 2:10-cv-00459<br><br>Judge Clark Waddoups |

## INTRODUCTION

This case is before the court on Plaintiff Karen Widman's ("Widman") Motions for Attorney Fees. (Dkt. Nos. 169, 177). After carefully considering the parties' submissions, the relevant legal authorities, and otherwise being fully advised, the court GRANTS IN PART and DENIES IN PART Widman's Motions for Attorney Fees. In addition, Defendants are ORDERED TO SHOW CAUSE why sanctions should not be imposed for their Objection to Court's Second Order of September 30, 2014, (Dkt. No. 183).

## BACKGROUND

This court conducted a bench trial from April 23 through April 25, 2014 and subsequently rendered a Memorandum Decision and Order setting forth its findings of fact and conclusions of law on Widman's Complaint, Keene's Counterclaim, and Shell's Amended Complaint. (Dkt. No. 167). The general background of this case and the court's discussion on specific claims is fully set out in the Memorandum Decision. For purposes of this opinion, it is sufficient to note that the court found Widman was the prevailing party and that attorney fees and costs were warranted in

her favor. (Dkt. No. 167, p. 50); *see also* (Dkt. No. 174, pp. 1–2). As such, the only outstanding issue is the reasonableness of the claimed fees.

Widman filed her first Motion for Attorney Fees and Request for Offset on September 9, 2014. (Dkt. No. 169). Meanwhile, Defendants filed a Motion for a New Trial and to Alter or Amend the Judgment. (Dkt. No. 171). On September 30, 2014 the court issued an order denying the request for a new trial and awarding attorney fees to Widman. (Dkt. No. 174). Defendants objected on the grounds that they had not been afforded an opportunity to oppose Widman's motion or file a reply to their Motion for a New Trial. In a subsequent order, the court affirmed its denial of the Motion for a New Trial because "Defendants had 'failed to raise any legitimate basis for relief in its opening memorandum.'" (Dkt. No. 176, p. 1). However, partial reconsideration was granted in relation to the entry of attorney fees. Although the opposition to a non-dispositive motion is generally due within fourteen days, the court vacated the fee award because the Memorandum Decision had previously extended that deadline to thirty days. Defendants were given an opportunity to file an Objection to Widman's Motion, but were specifically admonished not to reargue the prevailing party designation.

Widman has since filed a second Motion for Attorney Fees incurred in responding to the Motion for a New Trial. (Dkt. No. 177). Defendants have submitted an Opposition to Widman's first Motion for Attorney Fees, (Dkt. No. 182), arguing that this court lacks jurisdiction to enter an award of attorney fees, that Widman was not the prevailing party, that certain fees are not recoverable, and that offset has been waived and is unavailable, or is limited to amounts awarded in this suit. They have also filed an Objection to Court's Second Order of September 30, 2014. (Dkt. No. 183).

# ANALYSIS

**I. Attorney Fees**

Under California law, the prevailing party to an action based on a contract is entitled to reasonable attorney fees if the contract specifically provides for such an award. CAL. CIV. CODE § 1717. As the court noted in its Memorandum Decision, "attorney fees and costs are contemplated not only under the Marital Settlement Agreement, but also the Notes that were assigned to Keene." (Dkt. No. 167, p. 50).[1] Having previously concluded that Widman was the prevailing party on two separate occasions, the court shall not entertain further argument on the matter and will proceed to analyze the reasonableness of the fees.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000). "The reasonable hourly rate is that prevailing in the community for similar work." *Id.* Once that is calculated, "[t]he lodestar figure may then be adjusted, based on considerations of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id.* Widman requests a total of $71,198 in attorney fees for 344.05 hours spent in litigation. The majority of the work was conducted by Rodney Rivers, who charged $200–225, and William Jeffs, who charged $175–225. Additional work was performed by Liisa Hancock ($170), Matthew Jeffs ($100), Helen Burk ($60), and a law clerk ($60).

As an initial matter, the court finds that the hourly rates are reasonable and consistent with similar rates charged in the surrounding legal community for the type of case and level of

---

[1] Defendants' argument that the Notes cannot serve as the basis for an award of attorney fees because they are unexecuted is frivolous and fails on its face. *See* (Dkt. No. 167, pp. 23–24) ("The court concludes that the evidence presented in this case more than adequately establishes that the Trust Deed Notes were executed and delivered by Widman to Shell on or about February 25, 2005.").
3

experience of Plaintiff's counsel. However, the court must address the Opposition's arguments that certain billing entries are not recoverable and make any necessary adjustments.

Without citing to any case law, Defendants contend that the court should deny fees for time spent on Widman's Motions for Summary Judgment,[2] for any theories in the Complaint that were not prevailed upon, and for time spent before the filing of the Complaint. They also discount William Jeffs' hours for the reason that he was not counsel of record in the case. These arguments are in direct contradiction to applicable precedent. The Supreme Court has specifically held that:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (citations omitted). Moreover, there is no requirement that an attorney has to make an appearance in order to become eligible for fees. *See Mix v. Tumanjan Dev. Corp.*, 126 Cal. Rptr. 2d 267, 271–72 (Ct. App. 2002) ("There is no authority or reason to require a formal association on the record in order for attorney fees to be recoverable.").

Not all of Defendants' arguments lack merit. To begin with, they point out that a time sheet entry for Jeffs on March 25, 2010, titled "Review of the Letter on the Horse" is not recoverable because it is not part of this litigation. The amount billed was 0.25 hours at a rate of $200, for a total of $50. Widman concedes that the charge is unrelated to the present case in her Reply. (Dkt. No. 184, p. 7). Defendants also note that Jeffs billed his hourly rate of $225 for his

---

[2] As to Widman's First Motion for Partial Summary Judgment, (Dkt. No. 20), and Keene's Cross-Motion for Partial Summary Judgment, (Dkt. No. 24), the court found that there were disputes of material fact that precluded summary judgment for either party. Widman's Second Motion for Partial Summary Judgment, (Dkt. No. 60), was stricken because it was filed well after thirty days from the close of discovery.

time testifying as a fact witness during the bench trial.[3] However, an attorney cannot recover fees for time they spend in the capacity of a fact witness. *See Hancock v. Chicago Title Ins. Co.*, Nos. 3:07-CV-1441-D, 3:08-CV-1916-D, 2013 WL 2391500, at *12 (N.D. Tex. June 3, 2013); *see also Emmenegger v. Bull Moose Tube Co.*, 33 F.Supp.2d 1127, 1138 (E.D. Mo. 1998); *Irons v. Karceski*, 74 F.3d 1262 (D.C. Cir. 1995). Because Jeffs' time entries are block billed as 31 hours for "Travel to Salt Lake and Attend Trial" during April 23–25, 2014 and 2 hours for "Trial Preparation" on April 21–22, 2014, they are insufficient to allow for a determination over which time, if any, was billed in his capacity as an attorney for Widman. Having discretion to assign a reasonable percentage to block billed entries or simply cast them aside, the court will reduce the amount billed to $40—the rate a fact witnesses may recover under 28 U.S.C. § 1821 for testifying in a federal court—for every day Jeffs testified, and discount the two hours he spent preparing for trial. *See Bell v. Vista Unified Sch. Dist.*, 98 Cal. Rptr. 2d 263, 274–75 (Ct. App. 2000); *see also Heritage Pac. Fin., LLC v. Monroy*, 156 Cal. Rptr. 3d 26, 55 (Ct. App. 2013) ("Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not.").

Taking these adjustments into consideration, the court concludes that Widman's fees must be reduced by $7,355,[4] resulting in a final award of $63,843.

## II. Offset

Plaintiff seeks to offset her award of attorney fees with any obligation still pending on the Mesa Vista and Green Gables Notes. Defendants' argue that failure to plead offset in Widman's

---

[3] Widman called Jeffs as a witness on April 23, and cross examination continued during April 24. (Dkt. Nos. 148, 149). Jeffs was recalled to the stand by Defendants on April 25 when they presented their case. (Dkt. No. 150).

[4] This is comprised of the $50 billed on March 25, 2010 for "Review of the Letter on the Horse," the $450 billed for Jeffs' "Trial Preparation" on April 21–22, 2011, and the $6,855 (representing $6,975 offset by a credit of $40 per day ($120)) billed for Jeffs' "Travel to Salt Lake and Attend Trial" on April 23–25, 2014.

Complaint or her Answer to Keene's Cross-Complaint constitutes waiver. They also contend that this court is without jurisdiction to offset "amounts which are owed outside this litigation and through another judgment." (Dkt. No. 182, p. 2). Thus, they argue that even if offset had been pled, it would only apply to the $2,786.99 that the court found was still due and owing to Keene in accrued interest for the late July 2007 payment. These arguments have no support under California law. "A court has the power, independent of any statute, to set off one judgment against another. That power rests upon the court's general jurisdiction." *Birman v. Loeb*, 75 Cal. Rptr. 2d 294, 305 n.4 (Ct. App. 1998) (citations omitted). Furthermore, "there is no particular procedure required to invoke the equitable power of the court to effect a setoff, when appropriate." *Fassberg Constr. Co. v. Hous. Auth. of Los Angeles*, 60 Cal. Rptr. 3d 375, 413 (Ct. App. 2007); *see also Cordova v. BNSF Ry. Co.*, E056223, 2014 WL 5764200, at *3 (2014) (rejecting contention that defendant was required to assert claim for offset as an affirmative defense).[5] The court therefore dismisses Defendants' arguments and grants Widman's election to offset.

**III. Order to Show Cause**

Defendants Objection to Court's Second Order of September 30, 2014, (Dkt. No. 183), is not well taken. The Objection presents no legitimate arguments. Instead, it engages in a multitude of unprofessional and disrespectful statements about this court and its prior decisions on this matter. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's

---

[5] Although California Rules of Court, rule 8.1115 prohibits citations to unpublished decisions, a federal court exercising diversity jurisdiction is not bound by a state's procedural rules. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Siteworks Solutions, Inc. v. Oracle Corp.*, No. 08-2130-STA, 2010 WL 890941, at *2 n.8 (W.D. Tenn. 2010) ("Rule 8.1115(a), however, is a procedural rather than a substantive rule of law. Under the *Erie* doctrine, as noted above, this Court is not free to ignore the announcement of a state appellate court on matters of substantive state law.").

name—or by a party personally if the party is unrepresented." In this case, the Objection was signed by Shell personally and by Keene's attorney Randy Andrus. That constitutes a certification that the Objection was not presented for any improper purpose, that any legal contentions were warranted by existing law, and that the factual contentions had evidentiary support. FED. R. CIV. P. 11(b). "If a court determines that a party has violated Rule 11(b), it may, in its discretion, impose sanctions." *Lundahl v. Home Depot, Inc.*, 594 F. App'x 453, 455 (10th Cir. 2014). Moreover, this court has the "inherent authority to sanction a party or attorney who 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Hutchinson v. Pfeil*, 208 F.3d 1180, 1186 (10th Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). The court therefore orders Defendants to show cause why they should not be sanctioned pursuant to Rule 11 and this court's inherent authority for the statements made in their Objection.

## CONCLUSION

It is therefore ORDERED that Plaintiff's Motions for Attorney Fees, (Dkt. Nos. 169, 177), are GRANTED IN PART and DENIED IN PART. Widman is entitled to recover $63,843 in attorney fees. To the extent there are any outstanding obligations to Shell or Keene on the Mesa Vista and Green Gables Promissory Notes, they are hereby offset against Widman's fee award. Finally, Defendants are ORDERED TO SHOW CAUSE in writing within fourteen days as to why sanctions should not be imposed for their Objection to Court's Second Order of September 30, 2014.

DATED this 9th day of October, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge