IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAREN WIDMAN,<br><br>               Plaintiff,<br><br>v.<br><br>MARILEE E. KEENE and DAVID SHELL,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-cv-00459<br><br>Judge Clark Waddoups |

## INTRODUCTION

This case is before the court on defendant Marilee Keene's Objection to Amended Order or in the Alternative Request to Amend Amended Order (Dkt. No. 202) and defendant David Shell's Motion to Amend and Objection to Amended Order. (Dkt. No. 205.) Both defendants challenge this court's Amended Order dated October 29, 2015, which further analyzed its prior conclusion that plaintiff Karen Widman was the prevailing party in this litigation and made an award of attorney's fees. (Dkt. No. 199.) After carefully considering the parties' submissions, the relevant legal authorities including the Tenth Circuit's Mandate in this matter, and otherwise being fully advised, the court DENIES defendants' motions and objections, incorporates by reference the October 29, 2015 Amended Order as to Widman being the prevailing party in this litigation, and reaffirms its award of attorney's fees to Widman.

## BACKGROUND

This court conducted a bench trial from April 23 through April 25, 2014 and subsequently rendered a Memorandum Decision and Order setting forth its findings of fact and

conclusions of law on Widman's Complaint, Keene's Counterclaim, and Shell's Amended Complaint. (Dkt. No. 167). In that decision, the court concluded that Widman was the prevailing party in the litigation, and because attorney fees and costs were "contemplated not only under the Marital Settlement Agreement, but also the Notes that were assigned to Keene" that Keene and Shell were jointly and severally liable for reasonable attorney's fees and costs. (Am. Mem. Decision p. 50; Dkt. No. 167.)

Subsequently, the parties submitted additional briefing on Widman's motions for attorney's fees and on defendants' motion for a new trial. The court initially granted Widman's motion for attorney fees and denied defendants' request for a new trial. (Dkt. No. 174.) After defendants objected on the grounds that they had not been afforded an opportunity to oppose Widman's motion or file a reply to their motion for a new trial, the court entered an order affirming its denial of the defendants' motion for a new trial, but allowing defendants an opportunity to file an objection to Widman's attorney's fees motion. (*Id.*) Although defendants were specifically admonished not to reargue the prevailing party designation, the defendants' objection argued that this court lacked jurisdiction to enter an award of attorney fees, that Widman was not the prevailing party, that certain fees were not recoverable, and that offset had been waived and was unavailable, or was limited to amounts awarded in this suit. (Dkt. No. 175.) Widman then filed a second motion for attorney fees incurred in responding to the motion for a new trial, (Dkt. No. 177), which defendants also opposed. (Dkt. No. 182.)

While these motions were pending, defendants also filed a Notice of Appeal of the underlying decision, including the prevailing party determination, to the Tenth Circuit Court of Appeals. (Dkt. No. 186.) After the appeal had been pending for nearly a year, on October 9, 2015 this court ruled on the parties' pending briefing on attorney's fees. (Order, Dkt. No. 196.) In that

order, this court declined to address defendants' prevailing party arguments, having twice previously concluded that Widman was the prevailing party. (*Id.* at p. 3.) Four days later, on October 13, 2015, the Tenth Circuit issued its decision on defendants' appeal. The Tenth Circuit affirmed this court's judgment on all issues except for its determination that Widman was the prevailing party, because the court "did not provide any rationale for its prevailing-party determination." *Widman v. Keene*, 628 Fed. Appx. 579, 583 (10th Cir. 2015). Accordingly, on October 29, 2015, the court issued an Amended Order, specifically to address the Tenth Circuit's request that the court provide its rationale for determining that Widman was the prevailing party in this litigation. (Dkt. No. 199.)

In the Amended Order, this court explained that a prevailing party for purposes of a contractual attorney fee award is governed by California Civil Code § 1717, whereas a prevailing party for purposes of a costs award, which may include attorney's fees, is governed by California Code of Civil Procedure § 1032, necessitating the court's consideration of both provisions. After analyzing these provisions, relevant case law, and considering the parties' arguments, the court again concluded that Widman was the prevailing party and awarded her attorney's fees. (*Id.*) Coincidentally, six days later on November 4, 2015, the Tenth Circuit's Mandate was filed on the docket of this case. (Dkt. No. 200.)

Defendants now argue that the court's October 29, 2015 prevailing party determination is vacated because the Amended Order was issued prior to the appearance of the Tenth Circuit's Mandate on the docket, notwithstanding that the Amended Order was issued subsequent to and in response to the Tenth Circuit's October 13, 2015 decision. This decision, entered on the docket subsequent to the Mandate and incorporating the Amended Order by reference, resolves

that issue as well as defendants' other arguments without changing the court's original

conclusion that Widman is the prevailing party.

## DISCUSSION

Defendants' objections and arguments raise essentially three issues:  That the court failed

to correctly analyze California Code of Civil Procedure § 1032(a)(4) in making its prevailing

party determination; that California Civil Code § 1717 is not applicable to the court's prevailing

party determination; and that Widman did not prevail on any contract claim that entitled her to

attorney's fees. The court will begin by analyzing the relevance of each statute, and then apply

the relevant standards to the two contracts and the litigation outcome to explain its prevailing

party determination.

### 1.  California Code of Civil Procedure § 1032(a)(4)

Under California law, "[u]nless authorized by either statute or agreement, attorney's fees

ordinarily are not recoverable as costs." *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 127

(Cal. 1979) (referencing Cal. Code Civ. Proc. § 1021). California Code of Civil Procedure

§ 1032 provides for recovery of costs by a prevailing party as a matter of right, and § 1033.5

further provides that "costs" can include attorney's fees when authorized by contract. *See* Cal.

Code Civ. Proc. § 1033.5; *Scott Co. v. Blount, Inc.*, 979 P.2d 974, 977 (Cal. 1999). Cost recovery

under § 1032, therefore, first requires the court to make a determination of the prevailing party in

the litigation. For those costs to include attorney's fees, the court must then analyze whether they

are provided for by contract. The court previously determined, however, that § 1032 is not the

only statute that requires the court to consider an award of attorney's fees in this case. "A

prevailing party for purposes of costs under Code of Civil Procedure section 1032 is not

necessarily a prevailing party for an award of attorney fees under Civil Code section 1717."

*David S. Karton, A Law Corp. v. Dougherty*, 180 Cal. Rptr. 3d 55, 59 (Cal. App. 2d Dist. 2014). Thus, the court must consider both statutes.

Defendants argue that because the parties argued and agreed before the Tenth Circuit that the prevailing party definitions contained in California Code of Civil Procedure § 1032(a)(4) apply to the court's prevailing party determination, the court is required to limit its analysis of the prevailing party in this litigation solely to that provision.[1] A careful reading of the Tenth Circuit's decision does not support this argument. Rather, the Tenth Circuit stated that "[s]tate law governs the question of whether Ms. Widman is the prevailing party and therefore entitled to an award of attorney's fees." *Widman*, 628 Fed. Appx. at 583. While noting that the parties "agree that California law applies" and that the parties had referred to section § 1032(a)(4) for the definition of "prevailing party" in their arguments to the Tenth Circuit, the Tenth Circuit noted that the district court had not referred to that section or any other rationale for its prevailing party determination. *Id.* Without directing this court to any requirement other than to follow the relevant state law, the Tenth Circuit remanded to first give this court "an opportunity to explain the basis for its [prevailing-party] decision." *Id.* Thus, the Tenth Circuit's Mandate requires this court to base its prevailing party decision on all relevant California law.

Next, both defendants argue that Keene, not Widman, is necessarily the prevailing party under § 1032 because the court awarded Keene $2,786.99 in interest and thus she obtained a "net monetary recovery" as provided by § 1032(a)(4). For defendants, this ends the inquiry, and they

---

[1] Cal. Code Civ. P. § 1032(a)(4) states:

> "Prevailing party" includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.

cite to *Michell v. Olick*, 49 Cal. App. 4th 1194, 1198 (Cal. App. 1st Dist. 1996), for the proposition that the court has no discretion to determine that a party who obtains a "net monetary recovery" is not the prevailing party under this statute. Defendants' reliance on *Michell* is misplaced. First, in *Michell*, the plaintiff with a "net monetary recovery" prevailed on a malpractice claim, not on a contract claim, so no other statutory provisions were at issue. *See DeSaulles v. Community Hospital of the Monterey Peninsula*, 62 Cal 4th 1140, 1147 (Cal. 2016) ("Section 1032's definition of 'prevailing party' does not control, however, when another statute [applies].") Second, at issue in *Michell* was the trial court's initial conclusion that neither party prevailed in the action because defendant's cross-complaint was dismissed prior to trial and because the jury did not find for the plaintiff on an assault and battery cause of action that it found was the "predominant issue" at trial. *Michell*, 49 Cal. App. 4th at 1197. The *Michell* court on appeal concluded that in this situation, where the plaintiff had obtained a "net monetary recovery" on her claim, the trial court had no discretion to order the parties to bear their own respective costs. *Id.* at 1198. But *Michell* acknowledged that "[i]n other situations or when a party recovers other than *monetary* relief, the prevailing party is determined by the court, and the award of costs is within the court's discretion." *Id.*

It is important to note that the definition of a prevailing party in § 1032(a)(4) is limited by a caveat in § 1032(a), which states that "[a]s used in this section, *unless the context clearly requires otherwise*: . . . "[p]revailing party includes [etc.]" (Emphasis added.) This suggests that the statute's definitions are not intended to be applied mechanically, but rather to achieve an equitable result in light of the litigation results. This is further supported by the text in the second half of the prevailing party definition of § 1032(a)(4), which states "[w]hen any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be

as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not." To accept defendants' argument that *Michell* prohibits the court from exercising discretion any time there has been a "net monetary recovery" by one party would be at odds with the explicit language of the statute that acknowledges that context matters, and that in those circumstances the court has discretion.

Widman's Complaint sought declaratory relief. As the court will further detail in section three, *infra*, she was awarded such significant declaratory relief in light of each party's litigation positions and objectives that the court concludes she prevailed on her claims. This places Widman squarely within the definition of a prevailing party who has "recover[ed] other than monetary relief," which authorizes the court to exercise its discretion to allow costs—including attorney's fees--under § 1032. The fact that Keene was awarded a small amount of monetary relief in connection with the court's declaratory judgments does not change that analysis.[2] "[A] court can award monetary relief in a declaratory relief action under appropriate circumstances." *Cnty. of San Diego v. California*, 164 Cal. App. 4th 580 (Cal. App. 4th Dist. 2008). "For example, if parties to a contract seek declaratory relief as to the validity of a contract, the court can declare the contract to be valid and enforceable and award damages for its breach in the interest of disposing of the entire controversy between the parties and granting complete relief." *Id.* That is analogous to what took place here. Defendants disputed the validity of the promissory notes and plaintiff's performance under them, or alternatively, her performance under the Marital Settlement Agreement. Plaintiff asserted that the promissory notes existed and were valid and sought declaratory relief as to the terms of the notes and her compliance therewith. (*See* Compl.)

---

[2] Keene argued that her counterclaim provides the "only legal basis" upon which the court could have awarded her affirmative relief. In other words, that she must have prevailed on her counterclaim because she was awarded interest from Widman, and therefore the court erred by stating that Keene could not have prevailed because her counterclaims were dismissed with prejudice. (Dkt. No. 201.)

The court dismissed with prejudice Shell's Amended Complaint and all of Keene's Counterclaims. On Widman's Complaint, the court declared the notes were valid, interpreted the disputed terms, and awarded interest based on its interpretation, disposing of the entire controversy. Because § 1032 contemplates trial court evaluation of litigation context and authorizes the court's discretion when a party recovers other than monetary relief and "in situations other than as specified," as happened here, the court rejects defendants' argument that Widman cannot be the prevailing party under § 1032.

### 2. California Civil Code § 1717

California Civil Code § 1717 applies where a provision in a contract at issue in the action specifically provides for attorney's fees and costs incurred to enforce the contract.[3] "Section 1717 applies not only to contractual provisions granting the right to attorney's fees to only one party, but also to those contracts which by their own terms create reciprocal rights." *Sears v. Baccaglio*, 60 Cal. App. 4th 1136, 1149 (Cal. Ct. App. 1st 1998). In this action, both types of contractual attorney's fee provisions were at issue: unilateral rights in the promissory notes and reciprocal rights in the Marital Settlement Agreement.

### A. *Unilateral rights in the promissory notes*

As previously outlined in the court's October 29, 2015 Amended Order, Widman's Complaint was brought to address the dispute that had "arisen between the Plaintiff Widman and the Defendants over the terms of the Promissory Notes and the Plaintiff Widman's compliance therewith." (Compl. ¶ 21, Dkt. No. 1-2.) The promissory notes contained protections for

---

[3] Cal. Civ. Code § 1717 provides in part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

defendants against Widman's default, and in the event of her default, had a unilateral attorney

fee provision, which stated: "If this Note is collected by an attorney after default in the payment

of principal or interest, either with or without suit, the undersigned [Widman], either jointly or

severally, agree [sic] to pay all costs and expenses of collection including a reasonable attorney's

fee." (Def.'s Ex. 409.) Defendants argue that this attorney fee provision applies to collection

actions, rather than enforcement actions, and thus § 1717 does not apply. The court disagrees.

The provision is broad enough to address defendants' claims of Widman's default. The court

interprets Widman's action to obtain a declaratory judgment that, among other things, she was

not in default of the promissory notes, as an action to enforce the terms of these contracts against

the defendants, who disputed both the existence of the notes and her compliance with them.[4]

Furthermore, while this attorney fee provision unilaterally gave defendants, and not

Widman, a right to attorney fees, all parties acknowledge that § 1717 was originally enacted "to

establish mutuality of remedy where a contractual provision makes recovery of attorney's fees

available for only one party, and to prevent oppressive use of one-sided attorney's fees

provisions." *Hsu v. Abbara*, 891 P.2d 804, 809 (Cal. 1995) (internal citations and punctuation

omitted). Defendants argue that this unilateral attorney fee provision should not fall under the

provisions of § 1717 because it was drafted by Widman and was intended to impose an

attorney's fee obligation only on her. The court disagrees. "Every contractual attorney fees

provision must be read in light of section 1717 . . . [t]he goal of section 1717 is full mutuality of

remedy between parties to a contract, whether plaintiffs or defendants, in the matter of attorney

---

[4] California courts have rejected the argument that a party's complaint must plead a breach of contract or enforcement action to obtain attorney's fees under Civil Code § 1717. *Ng v. US Bank, NA*, 15-cv-04998, 2016 U.S. Dist. LEXIS 166054 (N.D. Cal., Nov. 30, 2016). Even if Widman "did not seek to enforce the contract through her claims, her claims directly impacted Defendants' ability to enforce the contract." *Id.* In other words, defendants' claims that Widman had breached the contract and was in default of her obligations sufficed to compel the application of Civil Code § 1717.

fees." *Scott,* 20 Cal. 4th at 1113. Widman would have been liable for defendants' attorney fees under this provision had they prevailed on their claims that Widman was in default and they were entitled to collect on the promissory notes. Therefore, "[t]o achieve its goal, the statute generally must apply in favor of the party prevailing on a contract claim whenever that party would have been liable under the contract for attorney fees had the other party prevailed." *Id.* at 1113-14. Widman's action was to enforce the terms of a contract, i.e. the promissory notes. The promissory notes specifically provided for unilateral attorney's fees in the event of Widman's default. Section 1717 is intended to make such unilateral provisions mutual; therefore, the court concludes that § 1717 is applicable to its prevailing party determination.

   A.   *Reciprocal rights in the Marital Settlement Agreement*

   Section 1717 also applies because Widman had to defend against defendants' claims under the Marital Settlement Agreement. The attorney's fees provision in the Marital Settlement Agreement is reciprocal, and provides, in pertinent part, "Except as otherwise specifically provided in this Agreement, both parties waive the right to apply for attorney's fees and costs in . . . any proceedings to enforce any of the terms of this Agreement, *except that the court may award attorney's fees and costs to any Party it determines to be the prevailing party*." (Ex. 400, p. 15.) (Emphasis added.) Both Keene and Shell disingenuously emphasize the waiver in this provision and ignore the exception that authorizes a court to grant attorney's fees and costs to a prevailing party. By its own terms, this exception creates "reciprocal rights" to attorney's fees for a prevailing party under the Marital Settlement Agreement, and because Widman had to defend against allegations that she had defaulted under this contract, § 1717 applies. *See Sears*, 60 Cal. App. 4th at 1149 (outlining the legislative history of § 1717 and clarifying that it does not merely impose reciprocity but also applies to "contracts which by their own terms create reciprocal

rights."). *See also Hsu*, 9 Cal. 4th at 866 (applying § 1717 to a reciprocal attorney fee contract provision).

Defendants further argue that the attorney's fee waiver provision in the Marital Settlement Agreement prohibited Widman from drafting the promissory notes to include a provision that she would pay attorney's fees to defendants if she defaulted on the notes. The court disagrees and finds that this provision was entirely consistent with     the attorney's fee exception provision in the Marital Settlement Agreement. Shell would have been the prevailing party under the express terms of the Marital Settlement Agreement had Widman failed to execute the notes or subsequently defaulted on them. The unilateral attorney's fee provision in the notes does nothing more than highlight the express terms of the exception provision in the Marital Settlement Agreement and is not in conflict with it. Thus, the court rejects defendants' arguments that the waiver provision in the Marital Settlement Agreement makes the promissory notes provision void and precludes an award of attorney's fees to the prevailing party in this litigation.

As for the question of how the court should harmonize § 1717 and § 1032, "Section 1717 is the applicable statute when determining whether and how attorney's fees should be awarded under a contract. It is the statute that expressly deals with attorney's fees under a contract, and to apply section 1032 in such cases would obviate section 1717." *Sears,* 60 Cal. App. 4th at 1157. Furthermore, while both sections can provide "complementary discretion for the award of statutory costs, including fees where they may properly be considered as costs . . . [t]he historical context of the various statutes and amendments establishes section 1717 as the fundamental statute to be applied to fees and costs claimed under a contract." *Id.* Thus, although the court finds that the ultimate result would not be different under a section 1032 analysis, the court

proceeds to analyze its prevailing party determination by the guidelines of § 1717 and applicable case law.

### 3.   Widman Prevailed on Her Contract Claims

Civil Code § 1717 "defines the phrase 'party prevailing on the contract' as 'the party who recovered a greater relief in the action on the contract.'" *Hsu*, 9 Cal. 4th at 863. The court has already reiterated that Shell's Amended Complaint and Keene's Counterclaims were dismissed with prejudice and thus defendants did not prevail on them. Defendants argue that Widman did not prevail on the claims sought in her Complaint because she did not obtain exactly the relief she requested. This argument fails because a party is not required to obtain a complete victory on his or her claims in order for the court to find that party has prevailed. *See Scott*, 20 Cal. 4th at 1109. Failure to achieve a complete victory means only that a party is not *entitled* to fees, and instead that the court must exercise its *discretion* "to attain an overview of the totality of the case, then compare the *extent* to which each party has won and lost." *Reginald de la Cuesta v. Benham*, 193 Cal. App. 4th 1287, 1294 (Cal. Ct. App. 4th 2011) (some italics added).

As the court stated in its October 29, 2015 Amended Order, under § 1717(b)(1), when "deciding whether there is a party prevailing on the contract, the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu*, 891 P.2d at 813 (internal quotations omitted). "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Scott*, 979 P.2d at 977. Because § 1717 expressly contemplates a court's discretion to compare respective results, "it must be presumed

the trial court has also been empowered to identify the party obtaining a greater relief by examining the results of the action in relative terms: the general term 'greater' includes 'larger in size than others of the same kind' as well as 'principal' and 'superior in quality.'" *Reginald de la Cuesta*, 193 Cal. App. 4th at 1295 (some internal punctuation omitted).

Applying these principles to Widman's claims, the court largely repeats its prior conclusions and incorporates them by reference to the Amended Order. Widman requested "an order of the Court determining that she has timely paid all payments required by the Promissory Notes." Defendants argue that Widman did not prevail on this request for relief because the court did not find that Widman timely paid all payments. And it is true that the monetary relief Keene obtained came as a result of the court's resolution of Widman's declaratory relief action on her timeliness claim and her interest claim. Comparing each party's litigation objectives and positions, however, the court concludes that the balance tips heavily in favor of Widman on this claim.

Defendants ignore entirely the court's voluminous findings and conclusions relating to each of the four disputed payments in May 2007, July 2007, December 2009, and December 2013. (Am. Mem. Decision pp. 31-43; Dkt. No. 167.) The court declared that Widman had made all required principal and late fee payments, that she had never been in default under the Notes, and that the loan balance had therefore not been accelerated and become due and owing with all accrued interest. The court ultimately determined that only one of the four disputed payments qualified as late (by four days), which mathematically means that Widman prevailed on 75% of the timeliness claims. It is also important to note that not only did Widman prevail on the majority of the timeliness claims, the court twice found with respect to defendants' positions on the timeliness claims that they had not acted in good faith or that their positions breached their

duty to act with good faith and fair dealing. Defendants, in other words, did not just have losing positions on the majority of the timeliness claims, but held positions the court found were egregiously wrong.

Likewise, Widman sought "an order of the Court determining that no interest is required to be paid to the holder of the notes." Defendants argue that Widman did not prevail on this claim because the court rejected Widman's position on interest and ultimately awarded Keene interest for the one payment it found to be four days late. Defendants again ignore the court's voluminous findings and conclusions rejecting their litigation positions. Comparing each party's litigation objectives and positions, the court can only conclude that the balance again tips heavily in favor of Widman on this claim.[5] While neither party prevailed on their interpretation of the Notes, the court's construction is better aligned with Widman's litigation objectives.[6] The court's interpretation resulted in favorable determinations that claims for interest from the date of origination were invalid as a matter of law, that interest on the July 2007 payment accrued on the unpaid balance of the Notes as opposed to the initial balance, that it only accrued from the first of the month through July 19, 2007 and not for the duration of the Notes, and that Shell and Keene could not call a default because that payment was tendered before July 30.[7] To put

---

[5] Shell and Keene contended that one late payment resulted in interest dating back to the Notes' origination and accrued through the end of the Notes, or in the alternative, that interest would accrue from the first day of the month in which a payment was late through the end of the ten-year-note period, and that default occurred whenever a payment was made after the fifteenth. (Am. Mem. Decision pp. 16-22, 26, Dkt. No. 167.) Widman argued that no interest accrued on the Notes and that any reference to interest only applied in collection proceedings under the Trust Deeds. (*Id.* at 26.)

[6] Payments are due on the first of the month, with a grace period until the fifteenth. (Am. Mem. Decision p. 29, Dkt. No. 167.) Any payment made after the fifteenth is subject to a $250 late fee and accrual of interest from the first of the month through the date that payment is made. *Id.* Interest accrues on the unpaid balance of the Notes at the rate of 10% per annum. (*Id.* at 28.) In the event that a payment is not received after the thirtieth, the note holder can proceed with foreclosure, but only as long as the Notes remain delinquent when such proceedings are initiated. (*Id.* at 29–30.)

[7] The court found that although the July 2007 payment had been mailed on time, because it had the wrong address, it was delivered to Keene four days late on July 19, 2007. Since Widman had already paid a late

Widman's recovery into perspective, had the court accepted Shell and Keene's contentions, Widman would have faced over $900,000.00 in liability and potential foreclosure of the underlying Trust Deeds, whereas the court ultimately only found that she was required to pay a final interest obligation of $2,786.99 to Keene.

Widman also sought declaratory judgments with respect to late fees and other alleged breaches of the duties and obligations required by the promissory notes. Defendants argue that because Widman did not obtain a complete victory regarding timely payments and interest that she did not prevail on these issues either. For the same reasons the court finds that Widman prevailed on the issues of timely payments and interest, however, the court finds that Widman prevailed on the issues of late fees and other alleged breaches of the promissory notes. The balance tips heavily in her favor on these issues.

Widman also sought court orders "establishing the balance of each promissory note," and "an order declaring the holder of each of the promissory notes . . . since November 2006." Defendants argue that these issues were not contested and therefore the court's declarations on these issues do not make Keene the prevailing party. The court cannot agree. Throughout the litigation, defendants disputed Widman's execution and delivery of the promissory notes. And, during the litigation itself, the defendants again exchanged ownership of the promissory notes between themselves. Had Widman failed to prove the underlying fact of the validity of the promissory notes, she could not have obtained the court's declarations on these issues. Furthermore, because Widman succeeded in obtaining a declaratory judgment that she had executed and delivered the notes to Shell, the court found that she was not in breach of the

---

fee on that payment, the only remaining amount due was interest for nineteen days ($3,786.99). That was offset by $1,000 for late fees tendered to defendants on payments that were ultimately found to have been timely, leaving a final obligation of $2,786.99 owing to Keene, who was the holder of the notes at that time.

Marital Settlement Agreement. Widman was the prevailing party on these issues.

In summary, in the absence of a complete victory for any party, after following the direction of *Hsu* and *Scott* to consider the claims regarding the promissory notes in Widman's Complaint, the defendants' claims against which Widman had to defend, the relief awarded, the parties' demands and litigation objectives as disclosed by the "pleadings, trial briefs, opening statements, and similar sources," *Hsu*, 891 P.2d at 813, the court again concludes that Widman is the prevailing party on all contract claims by a significant margin.

## CONCLUSION

For the reasons stated in the court's October 29, 2015 Amended Order as supplemented by this decision, the court DENIES defendants' motions and objections (Dkt. Nos. 202, 205), and awards Widman $63,843 in attorney's fees as outlined in the October 29, 2015 Amended Order (Dkt. No. 199). The Clerk of Court is directed to enter judgment for Keene in the amount of $2,786.99 and for Widman in the amount of $63,843.

DATED this 15th day of February, 2017.

BY THE COURT:

Clark Waddoups
United States District Court Judge