IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAREN WIDMAN,<br><br>Plaintiff,<br><br>v.<br><br>MARILEE E. KEENE and DAVID SHELL,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT KEENE'S MOTION**<br><br>Case No. 2:10-cv-00459<br><br>Judge Clark Waddoups |

Defendant Marilyn Keene seeks relief under Rules 59 and 60 of the Federal Rules of Civil Procedure from the court's February 16, 2017 Memorandum Decision and Order concluding that plaintiff Karen Widman was the prevailing party in this litigation and awarding her attorney's fees. This is Keene's second motion for a new trial or to alter/amend the court's judgment.[1] For the reasons stated below, the court DENIES Keene's motion. (Dkt. No. 214.)

**I. Rule 59 Motion**

Rules 59(b) and 59(e) of the Federal Rules of Civil Procedure provide that a motion for a new trial or to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment." *Id.* Furthermore, when a motion involves "reconsideration of matters properly encompassed in a decision on the merits," it is properly considered under Rule 59(e). *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Rule 59(e) relief is limited, and requires that a movant establish "(1) an intervening change in the controlling law, (2) new evidence [that was]

---

[1] The court finds that neither a response from the plaintiff nor oral argument would materially assist the court in deciding the issues presented.

previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Also relevant is the Tenth Circuit's admonition that successive motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion." *Id.* "Absent extraordinary circumstances . . . the basis for [a] second motion must not have been available at the time the first motion was filed[,]" and "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Keene's motion was timely filed. She cites the following grounds for her motion: (1) the court failed to comply with the Mandate issued by the Tenth Circuit on November 4, 2015; (2) the court failed to consider in any adequate manner the state of the pleadings and the stated claims of the parties as it impacted the court's denial and dismissal of Keene's counterclaim and the subsequent award of monetary damages to Keene; (3) the court erred in its analysis of the express waiver of costs and attorney's fees; (4) the court erroneously analyzed the holding of *Michell v. Olick*; and (5) the court failed to make the findings of fact Keene requested that she claims are supported in the record. (*Def.'s Mot.* 3; Dkt. No. 214.)

Keene has not directed the court to an intervening change in controlling law or new evidence that was previously unavailable. And, while Keene argues that the court's ruling was made in error, all of the grounds for relief she relies on were fully argued in her prior pleadings and considered in the court's ruling. Keene previously made nearly identical arguments and demands regarding the Tenth Circuit's Mandate, (Dkts. No. 201, 206), which the court addressed in full (*Mem. Dec.* 4-8; Dkt. No. 212). Keene previously addressed the same arguments and facts regarding relief through Widman's complaint seeking declaratory judgment versus Keene's

2

counterclaim, (Dkt. Nos. 201, 206), which the court addressed in its ruling (*Mem. Dec.* 7-15; Dkt. No. 212). Keene cited the same arguments and facts as to how the attorney's fees and costs waiver in the Marital Settlement Agreement precludes the court's award of attorney's fees to Widman. (Dkt. Nos. 201, 206.) The court addressed those issues, including the explicit exception to that waiver, in its decision. (*Mem. Dec.* 8-12; Dkt. No. 212.) Keene previously argued that *Michell v. Olick*, 49 Cal. App. 4th 1194, 1198 (Cal. App. 1st Dist. 1996) is binding on the court's application of California Code of Civil Procedure § 1032 to this case. (Dkt. No. 206.) The court addressed and distinguished *Michell*'s applicability in its ruling. (*Mem. Dec.* 5-8; Dkt. No. 212.)

In sum, Keene has not shown that the bases for her second motion were not "available at the time the first motion[s were] filed[,]" and the court concludes that Keene's second motion does little more than "revisit issues already addressed or advance arguments that could have been [and were] raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d at 1012.

**Rule 60**

Keene's motion for relief under Rule 60 of the Federal Rules of Civil Procedure was timely. "Relief under Rule 60(b) is committed to the sound discretion of the district court and is warranted only under exceptional circumstances." *U.S. v. Rice*, 594 Fed. Appx. 481, 484 (10th Cir. 2014). Rule 60(b) permits a district court to "relieve a party . . . from a final judgment, order, or proceeding" for six specific, enumerated reasons. Fed. R. Civ. P. 60(b). Keene's motion entirely fails to specify the reason upon which she relies. Upon review of that motion, the court cannot identify any allegations that fall within reasons included in Rule 60(b)(1)-(5), which leaves the catch-all provision of Rule 60(b)(6), "any other reason that justifies relief," as the only potentially applicable vehicle for relief. Specifically, Rule 60(b)(6) permits relief from

a final judgment for any reason that justifies relief, other than the reasons listed in Rule 60(b)(1)-(5) and "requires a showing of extraordinary circumstances," *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Extraordinary circumstances are those "so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks omitted). Rehashing the same arguments and points previously made to the court are not extraordinary circumstances. *See McGee v. Rudek*, 573 Fed. Appx. 729, 731 (10th Cir. 2014). The court also notes that Keene's motion mischaracterizes the pleadings in this case, the court's decision, and the cited bases for the court's rulings. To the extent that Keene argues that the court misapplied California law not previously cited by the parties,[2] the court specifically finds that Keene's arguments are based on mischaracterizations of the pleadings in this case and that her arguments have no merit.

## CONCLUSION

For the reasons stated above, the court DENIES Keene's motion in its entirety. (Dkt. No. 214.) Plaintiff need not respond to the motion.

DATED this 25th day of April, 2017.

BY THE COURT:

Clark Waddoups
United States District Court Judge

---

[2] *County of San Diego v. State of California*, 164 Cal. App. 4th 580 (Cal. App. 4th Dist. 2008) and *Bertero v. National General Corp.*, 254 Cal. App. 2d 126 (Cal. App. 2d Dist. 1967).