IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| KAREN WIDMAN, | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT SHELL'S MOTION** |
|---|---|
| Plaintiff, | |
| v. | |
| MARILEE E. KEENE and DAVID SHELL, | Case No. 2:10-cv-00459 |
| Defendants. | Judge Clark Waddoups |

Defendant David Shell seeks relief under Rules 59 and 60 of the Federal Rules of Civil Procedure from the court's February 16, 2017 Memorandum Decision and Order concluding that plaintiff Karen Widman was the prevailing party in this litigation and awarding her attorney's fees. For the reasons stated below, the court DENIES Shell's motion. (Dkt. No. 216.) [1]

### I. Rule 59 Motion

Rules 59(b) and 59(e) of the Federal Rules of Civil Procedure provide that a motion for a new trial or to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment." *Id.* Furthermore, when a motion involves "reconsideration of matters properly encompassed in a decision on the merits," it is properly considered under Rule 59(e). *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Rule 59(e) relief is limited, and requires that a movant establish "(1) an intervening change in the controlling law, (2) new evidence [that was] previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."

---

[1] The court finds that neither a response from the plaintiff nor oral argument would materially assist the court in deciding the issues presented.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Also relevant is the Tenth Circuit's admonition that successive motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion." *Id.* "Absent extraordinary circumstances . . . the basis for [a] second motion must not have been available at the time the first motion was filed[,]" and "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Shell's motion was timely filed. In several respects, Shell's motion mirrors the two motions for reconsideration filed by defendant Marilyn Keene. Among other arguments that mirror her motion, he cites the following grounds for his motion: (1) the court failed to comply with the Mandate issued by the Tenth Circuit on November 4, 2015; and (2) the court erred in its analysis of the express waiver of costs and attorney's fees. (*Def. Shell's Mot.* 6-7; Dkt. No. 216.) Shell also argues, as did Keene, that the court erroneously analyzed the holding of *Michell v. Olick*. (*Id.* at 16-18; Dkt. No. 216.) Additionally, Shell's motion mirrors and restates his objection to the court's original prevailing party determination. (*Def. Shell's Objection*; Dkt. No. 210), where he argued that (1) the court failed to comply with the Tenth Circuit's Mandate; (2) neither the Notes nor the Marital Settlement Agreement can support a statutory award of attorney's fees to Widman; (3) California Civil Code § 1717 is not available in this action to support an award of attorney's fees; and (4) the court erred in not mechanically applying California Code of Civil Procedure § 1032(a)(4) to its prevailing party determination.

Shell has not directed the court to an intervening change in controlling law or new evidence that was previously unavailable. And, while Shell argues that the court's ruling was

made in error, all of the grounds for relief he relies on were fully argued in his prior pleadings or in Keene's prior pleadings on the same grounds and were considered in the court's ruling.

In sum, Shell has failed to show that the bases for his motion were not "available at the time the first motion[s were] filed[,]" and the court concludes that Shell's motion does little more than "revisit issues already addressed or advance arguments that could have been [and were] raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d at 1012.

**Rule 60**

Shell's motion for relief under Rule 60 of the Federal Rules of Civil Procedure was timely. "Relief under Rule 60(b) is committed to the sound discretion of the district court and is warranted only under exceptional circumstances." *U.S. v. Rice*, 594 Fed. Appx. 481, 484 (10th Cir. 2014). Rule 60(b) permits a district court to "relieve a party . . . from a final judgment, order, or proceeding" for six specific, enumerated reasons. Fed. R. Civ. P. 60(b). Shell's motion entirely fails to specify the reason upon which he relies. Upon review of that motion, the court cannot identify any allegations that fall within reasons included in Rule 60(b)(1)-(5), which leaves the catch-all provision of Rule 60(b)(6), "any other reason that justifies relief," as the only potentially applicable vehicle for relief. Specifically, Rule 60(b)(6) permits relief from a final judgment for any reason that justifies relief, other than the reasons listed in Rule 60(b)(1)-(5) and "requires a showing of extraordinary circumstances," *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Extraordinary circumstances are those "so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks omitted). Rehashing the same arguments and points previously made to the court are not extraordinary circumstances. *See McGee v. Rudek*, 573 Fed. Appx. 729, 731 (10th Cir. 2014). The court also notes that Shell's

3

motion, like Keene's, mischaracterizes the pleadings in this case, the court's decision, and the cited bases for the court's rulings. To the extent that Shell argues that the court misapplied California law not previously cited by the parties,[2] the court specifically finds that Shell's arguments are based on case law analyzing California Code of Civil Procedure § 1032(a)(4), which does not address the facts of this case, namely a situation in which California Civil Code § 1717 is also applicable, and, as the court previously determined, is the primary statute at issue in determining the prevailing party here, notwithstanding the court believes the analysis would not change upon harmonizing it with California Code of Civil Procedure § 1032(a)(4).Thus, Shell's arguments have no merit.

## CONCLUSION

For the reasons stated above, the court DENIES Shell's motion in its entirety. (Dkt. No. 216.) Plaintiff need not respond to the motion.

DATED this 8th day of May, 2017.

BY THE COURT:

Clark Waddoups
United States District Court Judge

---

[2] *David A. Karton, A Law Corp. v. Dougherty*, 180 Cal. Rptr. 3d 55, 59 (Cal. App. 2d Dist. 2014) and *DeSaulles v. Community Hospital of the Monterey Peninsula* (62 Cal. 4th 1140, 1147 (Cal. 2016).